### COMMONWEALTH *vs.* PARKER H. BARRY.

The Gen. Sts. c. 115, § 5, prohibit courts, in charging juries, from expressing an opinion as to the credibility of witnesses.

If in the trial of a criminal case the witnesses for the government were policemen, whose credit was assailed by the defendant on account of their occupation, and the judge in his charge to the jury stated " that in very many of the cases which had been tried at that term of the court policemen had been the principal witnesses, and he thought the jury would agree with him in the opinion that in all those cases they had manifested great intelligence, and testified with apparent candor and impartiality," a verdict of guilty should be set aside.

INDICTMENT for keeping and maintaining a tenement in School Street in Boston, used for the illegal sale and illegal keeping for sale of intoxicating liquors.

At the trial in the superior court, before *Vose,* J., all the witnesses were policemen, two of them being officers whose daily beat included School Street. The defendant's counsel, in his

argument to the jury, commented with some severity upon their testimony, as the testimony of policemen. The judge in his charge told the jury that the same rules were applicable to policemen as to all other witnesses, in determining the credit to be given to their testimony; that in very many of the cases which had been tried at the present term of the court policemen had been the principal witnesses, and he thought the jury would agree with him in the opinion that in all these cases they had manifested great intelligence, and testified with apparent candor and impartiality.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. Allen,* (*E. K. Phillips* with him,) for the defendant.

*Foster,* A. G., for the Commonwealth.

BIGELOW, C. J. Upon mature consideration we have come to the conclusion that we cannot give our sanction to the instructions under which this case was submitted to the jury. Viewed in either of the two aspects of which they are susceptible, it appears to us that they cannot be supported, consistently with the rules of law.

If they are to be regarded only as an expression of opinion by the court concerning the credibility of certain witnesses who had testified in other cases than the one on trial, they were clearly of a nature to mislead the jury. The implication from the language of the court is direct and positive, that the jury might properly infer that the witnesses in support of this prosecution were entitled to credit for the reason that other persons engaged in the same occupation had testified with candor and impartiality in the trial of other cases. The objection to this instruction is twofold. In the first place, it authorized the jury to draw an inference which was not a legitimate deduction from the premises. It by no means follows naturally or logically that witnesses employed in the same or similar occupations will testify on all occasions with equal fairness and impartiality. In the next place, the instructions gave the jury to understand that they might travel beyond the case as proved before them, to seek for corroboration and support of the testimony adduced in

behalf of the prosecution in facts which not only were not proved, but which could not have been properly offered in evidence by the government. Nor is this the whole extent of the objection. The facts thus introduced into the case were submitted to the jury with a distinct expression of opinion by the court as to the effect to be given to them, at a stage of the trial when the defendant could not controvert them, and without any opportunity being given to his counsel to address the jury on the weight which was due to them. Such a course of proceeding is certainly unusual, and, as we think, does not accord with the due and orderly conduct of a criminal trial.

But in another aspect it seems to us that the instructions were objectionable. The credibility of the witnesses who had testified in support of the charge in the indictment was a fact which it was the exclusive province of the jury to determine. As e·sentially affecting their bias, and the credit to be given to their testimony, their occupation and connection with the origin of the prosecution against the defendant might be important elements, and, within proper limits, proper subjects of comment by counsel, and of consideration by the jury. If the instructions are to be construed, as we think they fairly may be, as the expression of the opinion of the court on the degree of credit to which these witnesses were entitled, the court exceeded its authority in stating such opinion to the jury. By Gen. Sts. ٦ 172, § 15, the duty of charging the jury in criminal cases is specially enjoined upon the court. By Gen. Sts. *c.* 115, § 5,* which is applicable alike to civil and criminal trials, the rule is prescribed by which courts are to be guided in the performance of this duty. It must be admitted that this provision of the statute is not expressed in terms which are free from ambiguity. But although there is a seeming repugnancy in the two branches of the section, we think that they are susceptible of a reasonable interpretation, which will give full force and effect to both of them, and at the same time carry out what

---

* This statute is as follows: " The courts shall not charge juries with respect to matters of fact, but may state the testimony and the law."

seems to have been the manifest purpose of the legislature. It is clear beyond controversy, that the first clause contains a distinct and absolute prohibition, that the " courts shall not charge juries with respect to matters of fact." To reconcile this with the clause that follows, which provides that the courts " may state the testimony and the law," the prohibition must be regarded as a restraint only on the expression of an opinion by the court on the question whether a particular fact or series of facts involved in the issue of a case is or is not established by the evidence. In other words, it is to be construed so as to prevent courts from interfering with the province of juries by any statement of their own judgment or conclusion upon matters of fact. This construction effectually accomplishes the great object of guarding against any bias or undue influence which might be created in the minds of jurors, if the weight of the opinion of the court should be permitted to be thrown into the scale in deciding upon issues of fact. But further than this the legislature did not intend to go. The statute was not designed to deprive the court of all power to deal with the facts proved. On the contrary, the last clause of the section very clearly contemplates that the duty of the court may not be fully discharged by a mere statement of the law. By providing that the court may also state the testimony, the manifest purpose of the legislature was to recognize and affirm the power and authority of the court, to be exercised according to its discretion, to sum up the evidence, to state its legal effect and bearing on the issues, and to indicate its proper application under the rules of law.

In the case at bar, the court exceeded the limit prescribed by the statute. If the language used by the court was intended to be applicable to the witnesses who had testified in behalf of the prosecution, it was an expression of opinion as to their credibility. As this was a matter of fact, within the exclusive province of the jury to determine, such expression of opinion went beyond a " statement of the testimony," and trenched on prohibited ground, being a charge to the jury " with respect to matters of fact."

We have already said that the occupation of a witness, in connection with other facts, may have a material bearing on the

credibility of his testimony in a particular case. But we feel bound to add that we do not intend to express an opinion on the question whether in the case at bar there was any valid ground for calling in question the veracity or candor of the witnesses whom the defendant's counsel sought to impeach. No such point seems to have been raised at the trial, nor are the facts bearing upon it stated in the exceptions. The inference from the course of the trial, especially from the line of argument which the counsel for the defendant was permitted to take, and from the instructions to the jury, is, that the ground on which the impeachment of the witnesses was placed was deemed to have been proper matter for the consideration of the jury.

*Exceptions sustained.*